**UNITED STATES EX REL. Jerome PALMIERI, Plaintiff–Appellant,**

**and**

**State of California; State of Delaware; State of Florida;, State of Georgia; State of Hawaii; State of Illinois; State of Indiana; State of Louisiana; State of Michigan; State of Montana; State of Nevada; State of New Hampshire; State of New Jersey; State of New Mexico; State of New York; State of Oklahoma; State of Rhode Island; State of Tennessee; State of Texas; State of Wisconsin; The District of Columbia; Commonwealth of Massachusetts; Commonwealth of Virginia, Plaintiffs,**

**v.**

**ALPHARMA, INCORPORATED; Alpharma Pharmaceuticals, LLC; King Pharmaceuticals, Incorporated; Pfizer, Incorporated, Defendants–Appellees.**

No. 14–1388.

United States Court of Appeals, Fourth Circuit.

Submitted: June 30, 2015.

Decided: April 26, 2016.

Anna C. Dover, Rolando G. Marquez, Milberg, LLP, New York, New York; John B. Isbister, Jaime W. Luse, Tydings & Rosenberg, LLP, Baltimore, Maryland, for Appellant. Steven J. Menashi, Kirkland & Ellis, LLP, New York, New York; John C. O'Quinn, Devin A. DeBacker, Kirkland & Ellis LLP, Washington, D.C., for Appellees.

Before GREGORY, DUNCAN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

**PER CURIAM:**

Relator Jerome Palmieri appeals the district court's dismissal of his *qui tam* complaint against his former employer, Alpharma, Inc., and associated companies (collectively, "Defendants"), under the False Claims Act ("FCA"). The district court dismissed Palmieri's complaint pursuant to Fed.R.Civ.P. 9(b), for failure to plead his claims of fraud with sufficient particularity. In so ruling, the district court did not address Defendants' arguments that Palmieri's claims were precluded by the FCA's first-to-file bar, 31 U.S.C. § 3730(b)(5) (2006),* and public-disclosure bar, 31 U.S.C. § 3730(e)(4)(A) (2006), *amended by* Patient Protection & Affordable Care Act, Pub.L. No. 111–148, tit. X, sec. 10104(j)(2), 124 Stat. 119, 901–02 (2010).

Under the pre–2010 version of § 3730 that governs Palmieri's action, *see United States ex rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 915 (4th Cir.2013) (recognizing "that the 2010 FCA amendments may not be applied to cases arising before the effective date of the amendments"), both the first-to-file and public-disclosure defenses are jurisdictional in na-

---

* The current version of § 3730(b)(5) is identical to the version in effect at the time Palmieri's claims arose.

ture, *see id.* at 914–18, 920 (§ 3730(e)(4)(A)); *United States ex rel. Carter v. Halliburton Co.,* 710 F.3d 171, 181 (4th Cir.2013) (§ 3730(b)(5)), *rev'd in part on other grounds, Kellogg Brown & Root Servs., Inc. v. United States ex rel. Carter,* —— U.S. ——, 135 S.Ct. 1970, 191 L.Ed.2d 899 (2015). We conclude, therefore, that the district court was obligated to consider both defenses before assessing the sufficiency of Palmieri's complaint. Accordingly, we vacate the district court's order and remand this case for consideration in the first instance of whether the FCA's first-to-file bar or public-disclosure bar deprived the district court of subject-matter jurisdiction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED.*